RICE ASSOCIATES OF THE SOUTHERN HIGHLANDS, INC., PETITIONER v. TOWN OF WEAVERVILLE ZONING BOARD OF ADJUSTMENT, RESPONDENT

No. 9128SC1212

(Filed 15 December 1992)

**Municipal Corporations § 30.6 (NCI3d)— denial of zoning application—bias of one board member—reversal not required**

Even though one member of defendant zoning board had previously expressed bias against petitioner, the board member's bias did not require reversal of the board's decision denying petitioner's application for a special exception permit to construct a unified housing development where the proposed development did not meet objective criteria of the zoning ordinance requiring two points of ingress and egress, petitioner was not entitled to the permit under any circumstances, and the bias of a single board member could not have affected the acceptance or rejection of petitioner's application.

**Am Jur 2d, Zoning and Planning §§ 716, 812, 975, 976.**

Appeal by petitioner from judgment entered 14 October 1991 in Buncombe County Superior Court by Judge Robert D. Lewis. Heard in the Court of Appeals 1 December 1992.

Petitioner Rice Associates of the Southern Highlands, Inc. commenced this action by seeking a writ of certiorari to review the decision of Weaverville's Zoning Board of Adjustment (hereinafter Zoning Board) denying petitioner the Special Exception Permit Application it sought for construction of a Unified Housing Development pursuant to § 17-114 of the Zoning Ordinance of the Town of Weaverville.

Petitioner owns a tract of land on "Hamburg Mountain" upon which it intended to construct a housing development. The proposed tract of land was accessible by means of a private road

which petitioner had constructed on the face of the mountain. Petitioner filed the appropriate application with the Zoning Administrator for review pursuant to § 17-130 *et seq.* of Weaverville's Zoning Ordinance. The Zoning Administrator approved petitioner's application for development in all respects. Petitioner completed the process to bring its application before the Zoning Board. Joe Joyner, a board member who had a previously expressed bias against petitioner, sat on the Zoning Board during this period and fully participated in the hearings.

By letter dated 31 May 1990, the Zoning Board rejected petitioner's application for a Special Exception Permit, citing specifically petitioner's failure to submit plans which provided for more than one point of ingress and egress to the Unified Housing Development as required by § 17-114(3)(b) of Weaverville's Zoning Ordinance. Thereafter, petitioner filed a writ of certiorari with the Buncombe County Superior Court, seeking judicial review of the Zoning Board's decision. The trial court entered judgment in the Zoning Board's favor. Petitioner appeals.

*Shuford, Best, Kelly, Cagle, Rowe, Brondyke & Wolcott, by James Gary Rowe, for petitioner-appellant.*

*Roberts Stevens & Cogburn, P.A., by Carl W. Loftin, for respondent-appellee.*

WELLS, Judge.

The sole question presented for our review is whether the trial court erred in affirming the Zoning Board's decision to deny petitioner's Special Exception Permit Application. We find no error.

Petitioner argues that the trial court should not have affirmed the Zoning Board's denial of petitioner's application when it also determined from the evidence in the record that a member of the board, Joe Joyner, had a previously expressed bias and should have recused himself from participating in the hearing. Relying upon *Crump v. Bd. of Education*, 326 N.C. 603, 392 S.E.2d 579 (1990), petitioner submits that this finding of bias is sufficient, in and of itself, to require reversal of the Zoning Board's decision. We do not find the *Crump* decision to be controlling here.

In *Crump*, the question before the court was whether compensatory damages may be recovered for an injury traceable to single member bias in a teacher dismissal hearing. At that hearing, the

school board reviewed evidence of alleged acts of immorality and subordination in order to make a subjective determination whether or not to dismiss Crump.

The case before us is distinguishable on its facts. The question presented here is whether a procedural remedy must be afforded to a permit applicant subjected to single member bias in a board action where the applicant is not entitled to the requested permit under any circumstances. Petitioner's permit application was denied because it failed to meet the minimum requirements of the Weaverville Zoning Ordinance. Section 17-114(3) of the ordinance for Unified Housing Developments requires the following:

> (b) Points of access and egress shall be located a sufficient distance from highway intersections to minimize traffic hazards, inconvenience, and congestion. Furthermore, each development shall have a minimum of two (2) such points to ensure the safety of the inhabitants. (Emphasis added.)

Whether petitioner met such requirement is a question of law interpreting language of the ordinance. It is fundamental in the interpretation of a municipal ordinance that the court give the language in question its plain and ordinary meaning and significance. *Donnelly v. Bd. of Adjustment of the Village of Pinehurst*, 99 N.C. App. 702, 394 S.E.2d 246 (1990). The trial court applied this well-settled principle of construction in interpreting the zoning ordinance and found that petitioner, as a matter of law, did not meet the objective minimum criteria that the housing development have two points of ingress and egress. We find that the record fully supports the trial court's findings and conclusions.

The court also determined that the bias of a single board member, Joe Joyner, could not have affected the acceptance or rejection of petitioner's application for a Special Exception Permit. In its decision, the trial court aptly distinguished the *Crump* case, specifically making the following findings and conclusions:

> [W]hereas the decision makers in the "*Crump*" case were making a subjective determination, the Zoning Board of Adjustment of the Town of Weaverville, in making a decision in the instant case, had a specific set of objective criteria to follow. One of such criteria was that the Unified Housing Development project, upon which it was asked to pass, was required to have a minimum of two points of access and egress.

The Zoning Board of Adjustment of The Town of Weaverville could only conclude that the project in question did not have two such points of access and egress, and in so concluding, should have denied the request for a Special Exception Permit. The bias of board member Joe Joyner could, therefore, not have affected the acceptance or rejection of the request for a Special Exception Permit for a Unified Housing Development.

In affirming the trial court's judgment, we find that petitioner's bias argument is not dispositive where its zoning application was so fundamentally flawed that those circumstances could not have affected the denial of its permit.

Affirmed.

Judges EAGLES and LEWIS concur.